M. William Judnich (Bar No. 035931)
Enabled Law Group
P.O. Box 4523
Missoula, MT 59806
Tel: (406) 493-1084
 Email: mj@enabledlawgroup.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT WILLIAMS. <br><br> Plaintiff. <br><br> -vs- <br><br> PREMIER MOTORS AZ L.L.C.; and BAKKEN COMMERCE CENTER L.L.C.. individually. <br><br> Defendants. | Cause No. <br><br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF <br><br> [Americans with Disabilities Act] |

COMES NOW, Plaintiff, ROBERT WILLIAMS (hereinafter the "Plaintiff"), through undersigned counsel, hereby files this Complaint and brings claims against Premier Motors AZ, an Arizona Limited Liability Company, and Bakken Commerce Center, an Arizona Limited Liability Company, (hereinafter, collectively the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees), pursuant to 42 U.S.C. §12181, et. seq., commonly referred to as the "AMERICANS WITH DISABILITIES ACT" or "ADA" and alleges:

Page | - 1 -

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA").  This Court is vested with jurisdiction under 28 U.S.C. §1331 and §1343.

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 in that all events and procedures giving rise to this Complaint occurred in this judicial district.

3.  At the time of Plaintiff's personal visit to Defendants' public accommodation, prior to instituting he instant action, Robert Williams (hereinafter referred to as "Plaintiff"), was a resident of the State of Arizona, and suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, and used a wheelchair for mobility due to this disability.  Plaintiff is a quadriplegic. He is required to traverse with a motorized wheelchair and is substantially limited to performing one or more major life activities including, but not limited to walking, standing, grasping and maneuvering.

4.  The Plaintiff personally visited, on or about February 3, 2021 Defendants' premises open to the public, but was denied full and equal access to, and full and equal enjoyment of the facilities, services, goods, privileges and accommodations offered to others without disabilities; because of his disability

requirements.  Plaintiff lives in Maricopa County, Arizona and travels in the surrounding areas near Defendants' facilities on a regular basis.

5. Upon information and belief Bakken Commerce Center, LLC, an Arizona Limited Liability Company or Corporation, is the lessor and/or owner operator of the real property and/or premises that are the subject of this lawsuit, located at 2225 W. Mountain View Road, Suite 1, in Phoenix, Arizona.

6. Upon information and belief, Premier Motors AZ LLC, an Arizona Limited Liability Company or Corporation located at 2225 W. Mountain View Road, Suite 1, in Phoenix, Arizona is the lessee, operator and/or tenant of the real property (the "Subject Facility"). Each Defendant own, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR §36.201(a) and §36.104.

### COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq.  Commercial enterprises were provided one and a half years from enactment of the statute to implement all its requirements.  The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject Facility and real property in this case is a place of public accommodation under the ADA in that they are establishments which provide goods and services to the public.

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or premises which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith as of the date of the Plaintiff's visit.

10. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone remodeling, repairs and/or alterations since January 26, 1990 and more specifically on or after March 15, 2012 as it pertains to 28 C.F.R. § 36.406.

11. Defendants have discriminated under the ADA, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Subject Facilities in derogation of 42 U.S.C. §12101, *et. seq.,* and as prohibited by 42 U.S.C. §12182 *et. seq.,* and by failing to remove architectural barriers pertaining to the Plaintiff's disability pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

12. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all accommodations and services offered at Defendants' Subject Facilities. Prior to the filing of this lawsuit, the Plaintiff visited the subject properties and was denied full and safe access to all the benefits, accommodations and services of the Defendants. Prior to the filing of this lawsuit, Plaintiff, personally visited Premier Motors AZ located at 2225 W. Mountain View Road, Suite 1, in Phoenix, Arizona, with the intention of accessing Defendants' business and facilities, but was denied full and safe access to the facilities due to the inactions of removing applicable barriers. Plaintiff intends to return to the Defendant's premises and public accommodation upon the premises being made ADA compliant for access, but is currently deterred from returning due to these barriers. As such, Plaintiff is likely to be subjected to reencountering continuing discrimination at the premises unless it is made readily accessible to and usable by individuals with disabilities to the extent required under the ADA, including the removal of the architectural barrier which remain at the premises.

13. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36. Defendants facilities do not comply with these Guidelines.

14. The Defendants' premises are in violation of 42 U.S.C. §12182 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and has and is discriminating against the Plaintiff. The Plaintiff was deterred from encountering every non-compliant barrier at the premises due to the nature of encountering some barriers that denied the Plaintiff's full and equal access and enjoyment of the facility. Therefore, the Plaintiff encountered the following specific barriers to access that include but are not limited to the following, but also retains standing to allege non-compliance for any barrier not encountered by the Plaintiff at the premises related to the Plaintiff's specific disability requirements under *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008):

**<u>VIOLATIONS</u>**

15(a). Failure to provide ADA compliant parking stall on the shortest accessible route to the building, in violation of 2010 ADAS Section 208.3.1 and/or 1991 ADA Standards for Accessible Design. The premises failed to have any van accessible parking stalls on the shortest accessible route to allow Plaintiff van accessible parking which Plaintiff requires as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and such handicapped accessible parking stalls are necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(b). Failure to provide ADA compliant accessible route that does not provide abrupt changes in elevation greater than ¼ inch, in violation of 2010 ADAS Section 303.2 and 303.3 and/or 1991 ADA Standards for Accessible Design. The premises failed to have any compliant accessible routes due to changes in elevation Plaintiff requires as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and such handicapped accessible parking stalls are necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(c). Failure to provide ADA compliant ramp handrails, in violation of 2010 ADAS Section 505.10.1 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant ramp handrails as required as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and such handicapped accessible parking stalls are necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(d). Failure to provide ADA compliant entrance door landing, in violation of 2010 ADAS Section 404.2.4.1 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant entrance door landing as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and such handicapped accessible parking stalls are necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(e). Failure to provide ADA compliant entrance door threshold, in violation of 2010 ADAS Section 404.2.5 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant entrance door threshold as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and such handicapped accessible parking stalls are necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(f). Failure to provide ADA compliant entrance door hardware, in violation of 2010 ADAS Section 309.4 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant entrance door hardware as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and such handicapped accessible parking stalls are necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(g). Failure to provide ADA compliant ramps for changes in level greater than ½ inch in violation of 2010 ADAS Section 303.4 and/or 1991 ADA Standards for Accessible Design. The premises failed to have any ramps to access the door entrance, and instead had only stairs with changes in level greater than ½ inch for wheelchair access as Plaintiff utilizes a wheelchair for mobility. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(h). Failure to provide ADA compliant accessible route from accessible parking spaces to the accessible building entrance, in violation of 2010 ADAS Section 206.2.1 and/or 1991 ADA Standards for Accessible Design. The premises failed to have any compliant accessible routes due to changes in elevation Plaintiff requires as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and such handicapped accessible parking stalls are necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

16. The above-referenced barriers will likely cause a repeated real injury in fact in a similar way if not remedied when the Plaintiff frequents this property again as described previously. Each of these barriers interfered with the Plaintiff's full and equal enjoyment of the facility and deterred Plaintiff from encountering all applicable barriers at the premises by failing to allow Plaintiff the same access due to the Plaintiff's disability as those enjoy without disabilities.

17. Upon information and belief, there are other current non-compliant barrier access violations of the ADA at Defendants' premises, which may only be discovered and properly identified once a full inspection of the premises is completed and identified due to Plaintiff being deterred from discovering each and every barrier as a result of encountering the above-listed violations which prohibited wheelchair access.

18. As of the date of the filing of this suit, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The barriers to access at the premises, as described above, have severely diminished Plaintiff's ability to avail Plaintiff of the goods and services offered at the Subject Facilities, and compromise Plaintiff's safety.

19. Pursuant to the ADA, 42 U.S.C. §12101 *et. seq.,* and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

20. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

21. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and closing the subject facility until the requisite modifications are completed.

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and the Court declare that

A. The subject premises and facilities violate Title III of the Americans with Disabilities Act;

B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. Any portions of the Defendant's premises identified as being non-compliant under the ADA guidelines be enjoined from being open to the public until such time that Defendants establish those areas are in full compliance with ADA requirements.

D. The Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

E. The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

F. The Court award such other and further relief as it deems necessary, just and proper.

DATED this 9 February 2021

Respectfully submitted,

*/s/ M. William Judnich*
M. William Judnich
(Bar No. 035931)
Enabled Law Group
P.O. Box 4523
Missoula, Montana 59806
Telephone: 406-493-1084
Email: MJ@Enabledlawgroup.com